IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TEAM MASTER PLAN, LLC, BILL DELANEY, and CYNTHIA DELANEY,<br><br>Plaintiffs,<br><br>v.<br><br>DWIGHT TYLER DANIELS and RETIREMENT OPTIONS, INC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ON DEFENDANTS' RULE 12(b)(6) PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Case No. 4:19-cv-00036-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendants Dwight Tyler Daniels ("Daniels") and Retirement Options, Inc. move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) the First and Second Causes of Action alleged in the First Amended Complaint[1] by Plaintiffs Team Master Plan, LLC and Bill and Cynthia Delaney (the "Delaneys") (the "Motion").[2]

Defendants are entitled to dismissal under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim for which relief may be granted.[3] When considering a motion to dismiss for failure to state a claim, the truth of all well-pleaded facts in the complaint is presumed, but conclusory allegations need not be considered.[4] A court is not bound to accept the complaint's legal conclusions and opinions, even if they are couched as facts.[5]

---

[1] First Amended Complaint, docket no. 29, filed Oct. 28, 2019.

[2] Defendants' Rule 12(b)(6) Partial Motion to Dismiss First Amended Complaint, docket no. 31, filed Nov. 19, 2019.

[3] *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[4] *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[5] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).

"In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference."[6]

The United States Supreme Court has held that satisfying the basic pleading requirements of the federal rules "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[7] "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[8] "[N]aked assertions devoid of further factual enhancement,"[9] do not state a claim sufficiently to survive a motion to dismiss.

"But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[10] "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[11] That is, "[t]he allegations must be enough that, if assumed to be true, the

---

[6] *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted). *See also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 & Supp. 2007)).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly* , 550 U.S. at 555).

[8] *Id.*

[9] *Id.*

[10] *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

[11] *The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

plaintiff plausibly (not just speculatively) has a claim for relief."[12] "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them."[13]

Based on this legal standard, and for the reasons stated below, the Motion is DENIED as to the First Cause of Action and GRANTED as to the Second Cause of Action.

### First Cause of Action

Plaintiffs' First Cause of Action is for breach of contract. The elements of a claim for breach of contract under Utah law are: "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[14]

Plaintiffs allege in the First Amended Complaint that the Delaneys and Daniels entered into an oral contract. The terms of the contract required the Delaneys to join Global Rescue (GRD), and, Daniels to become GRD's master distributor and provide the Delaneys with bridge money (i.e., money to cover their living and business expenses until they were able to start generating sufficient revenue at GRD) up to $2,000,000, with no repayment obligation.[15] The Delaneys allege they performed by joining GRD,[16] but Daniels failed to perform by not joining GRD and not providing any bridge money.[17] The Delaneys allege they suffered damages as a result of Daniels' failure to perform.[18] These allegations state a claim for breach of contract.

---

[12] *Robbins v. Oklahoma* 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[13] *Id.* at 1248.

[14] *America West Bank Members, L.C. v. State of Utah*, 2014 UT 49 ¶ 15, 342 P.3d 224, 230-31.

[15] First Amended Complaint at ¶¶ 37, 40.

[16] *Id*. at ¶ 40.

[17] *Id*. at ¶¶ 48-52, 85.

[18] *Id*. at ¶ 94.

Daniels contends the contract alleged in the First Amended Complaint is unenforceable because the amount of bridge money was never defined or agreed upon, and any statement made to the Delaneys regarding bridge money was nothing more than an agreement to agree in the future.[19] However, the Delaneys allege a specific amount ($2,000,000.00) of bridge money, and the terms on which the money would be provided (no repayment obligation).[20] Any additional terms necessary for enforcement may be supplied by the court.[21]

Daniels further contends he had no agreement with GRD to become its master distributor at the time he allegedly promised to become such.[22] Perhaps, but the First Amended Complaint alleges that Daniels promised to the Delaneys that he would become the master distributor at GRD (and provide bridge financing) in exchange for their promise to join GRD.[23] Daniels could have made that promise to the Delaneys whether his negotiations with GRD were final or still in process.

## Second Cause of Action

Plaintiffs' Second Cause of Action is for breach of the implied covenant of good faith and fair dealing. Under Utah law, the covenant of good faith and fair dealing inheres in every contract.[24] Utah courts have "set a high bar for the invocation of a new covenant."[25] A covenant may be recognized "where it is clear from the parties' 'course of dealings' or a settled custom or

---

[19] Motion at 5-6.

[20] First Amended Complaint at ¶ 37.

[21] *Alpha Partners, Inc. v. Transamerica Inv. Management*, LLC, 2006 UT App 331 ¶ 24, 153 P.3d 714, 720; *I-D Electric Inc. v. Gillman*, 2017 UT App 144 ¶¶ 25, 28, 402 P.3d 802, 809-10.

[22] Reply Memorandum in Support of Defendants' Rule 12(b)(6) Partial Motion to Dismiss First Amended Complaint at 4, docket no. 41, filed Jan. 3, 2020.

[23] First Amended Complaint at ¶ 37

[24] *Young Living Essential Oils, LC v. Marin*, 2011 UT 64 ¶ 8, 266 P.3d 814, 816.

[25] *Id*.

usage of trade that the parties undoubtedly would have agreed to the covenant if they had considered and addressed it."[26]

The First Amended Complaint fails to state a claim for breach of the implied covenant. There is no allegation of any specific implied covenant or term, let alone one that relates to the parties' course of dealings or a settled custom or usage of trade. There are allegations that Daniels failed to support and undermined the Delaneys' efforts to succeed at GRD, but there is no allegation of a specific implied covenant or term that such action or inaction breached. Nor is there a clear distinction between Daniels' alleged obligations under the alleged contract and his alleged obligations the implied covenant. A claim for breach of the implied covenant that is redundant of the underlying breach of contract claim is subject to dismissal.[27]

## ORDER

IT IS HEREBY ORDERED that the Motion[28] is DENIED as to the First Cause of Action for breach of contract. The Motion is GRANTED as to the Second Cause of Action for breach of the implied covenant of good faith and fair dealing, without leave to amend, because this is the second order dismissing this claim.

Signed June 3, 2020.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[26] *Id*. at ¶ 10.

[27] *See, e.g., Spread Enterprises, Inc. v. First Data Merchant Services Corp.*, Case No. 11-cv-4743(ADS)(ETB), 2012 WL 3679319 at * 3 (E.D.N.Y. Aug. 22, 2012).

[28] Motion, docket no. 31.